This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40557

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

      Petitioner-Appellee,

v.

**ASHLEY H.,**

      Respondent-Appellant,

and

**JOSHUA D.,**

      Respondent,

**IN THE MATTER OF T.D., J.D. JR.,
and A.H.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
Jane Shuler Gray, District Judge**

Children, Youth & Families Department
Mary E. McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Assistant Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Cas F. Tabor
Carlsbad, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}** Mother appeals from the district court's order terminating her parental rights. Unpersuaded that the docketing statement demonstrated error, we issued a notice proposing to affirm. Mother has filed a memorandum opposing our proposed disposition of her appeal. After due consideration, we remain unpersuaded and affirm.

**{2}** Mother's response to our notice continues to challenge the sufficiency of the evidence and now focuses on the requirement that Children, Youth & Families Department (CYFD) present adequate evidence that the causes and conditions of Children's neglect are unlikely to change in the foreseeable future. *See* NMSA 1978, § 32A-4-28(B)(2) (2005, amended 2022). Mother contends she needs more time to overcome her drug addiction and to carry out the recommendations in her psychological evaluation. [MIO 12-13] The record and the district court's findings show that Mother's failure to treat her drug addiction for the eighteen-month period after Children were taken into custody and her late completion of the psychological evaluation were the result of Mother's own "lack[ of] motivation in regaining the custody of her [C]hildren" and her "minimal to no" efforts in changing the causes and conditions of Children's neglect. [2 RP 312, 387-88, 391] We agree with the district court's conclusion that there was no reason to believe Mother would alleviate the causes and conditions of the Children's neglect in the foreseeable future. [2 RP 391] *See State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 34, 132 N.M. 299, 47 P.3d 859 ("We have interpreted the term 'foreseeable future' to refer to corrective change within a reasonably definite time or within the near future." (internal quotation marks and citations omitted)); *see also State ex rel. Child., Youth & Fams. Dep't v. Maria C.*, 2004-NMCA-083, ¶¶ 21, 53, 136 N.M. 53, 94 P.3d 796 (stating that "[p]arents do not have an unlimited time to rehabilitate and reunite with their children" and "the district court need not place children in a legal holding pattern, while waiting for the parent to resolve the issues that caused their children to be deemed neglected or abused").

**{3}** Mother does not otherwise raise any new argument or point out any specific error in our proposed analysis. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Thus, we affirm for the reasons stated in our notice of proposed disposition.

**{4}**    **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**